# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| HENRY JAMES LOGAN,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY STEWART,<br><br>Respondent. | Civil Action No. TDC-18-2410 |

## MEMORANDUM ORDER

Petitioner Henry Logan, an inmate at the Federal Correctional Institution in Cumberland, Maryland, has filed this self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent Warden Timothy Stewart has filed an Answer, asserting that the Petition should be denied. Although he was notified that he may file a Reply, Logan did not do so. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On December 9, 2009, Logan pleaded guilty in the United States District Court for the Western District of Pennsylvania to Distribution of Less than 500 Grams of Cocaine and Possession with Intent to Distribute Less than 500 Grams of Cocaine, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See United States v. Logan,* No. 08-0018-KRG-KAP-1 (W.D. Pa. 2010). At sentencing, the court determined that Logan was a career offender under U.S.S.G. § 4B1.1 based on three prior convictions for a crime of violence or a controlled substance offense

and calculated that the United States Sentencing Guidelines ("Guidelines") advisory range was 210-262 months of imprisonment. On April 7, 2010, the court sentenced Logan to a total term of 216 months of imprisonment. Logan appealed. The United States Court of Appeals for the Third Circuit concluded that the appeal was barred by the appellate waiver in Logan's plea agreement and affirmed the district court.

On March 20, 2012, Logan filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the Western District of Pennsylvania in which he claimed that he received ineffective assistance of counsel regarding his career offender enhancement. The court denied the Motion on April 11, 2012.

On June 20, 2016, Logan filed a second § 2255 motion. The Motion challenged Logan's career offender enhancement based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *Id.* at 2557. After the Supreme Court issued its decision in *Beckles v United States*, 137 S. Ct. 886, 890 (2017), which held that *Johnson* did not apply to the similar clause in U.S.S.G. § 4B1.2 because the advisory guidelines are not subject to challenges for constitutional vagueness, Logan, by his counsel, filed a Notice of Voluntary Dismissal on March 20, 2017.

## DISCUSSION

In the instant Petition, Logan asserts that under *Mathis v. United States,* 136 S. Ct. 2243 (2016), he no longer qualifies for the career offender enhancement. In *Mathis*, the Supreme Court held that where the elements of a predicate offense are broader than the generic version of that offense, the crime is not a violent felony for purposes of the ACCA, even where the statute provides different means by which to commit the offense. *Id.* at 2257. Logan argues that upon

2

application of the principle set forth in *Mathis*, two of his prior convictions no longer qualify as predicate crimes of violence for purposes of the career offender enhancement. Logan asks this Court to vacate his sentence and to order his immediate release.

A prisoner may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the calculation or execution of a sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). Ordinarily, the legality of a federal prisoner's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless the remedy available through a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," an exception referred to as the § 2255 "savings clause." 28 U.S.C. §2255(e) (2018); *see In re Vial*, 115 F.3d at 1194. In such a case, the inmate may proceed under § 2241. *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000).

Recently, the United States Court of Appeals for the Fourth Circuit examined the requirements for finding that § 2255 is an ineffective or inadequate remedy in the context of sentencing errors. *See United States v. Wheeler*, 886 F.3d 415, 427-29 (4th Cir. 2018), *petition for cert. filed*, 886 F. 3d 45 (U.S. Oct. 4, 2018) (No. 18-420). The Fourth Circuit held that § 2255 provides an ineffective or inadequate remedy to challenge the legality of a sentence when:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Logan claims that the remedy available under 28 U.S.C. § 2255 is inadequate or ineffective because "it wasn't until the recently decided *Mathis* case and its progeny that an avenue for Mr. Logan to bring his claim of having an illegal sentence under the career offender enhancement

3

provision became available," and he is "unable to meet" the requirements for filing a second or successive habeas petition. Pet. Mem. at 3-4, ECF No. 1-2.

Logan cannot satisfy the second requirement of the *Wheeler* test because *Mathis* did not establish a new rule of substantive law retroactively applicable on collateral review. *See, e.g. Cox v. Wilson*, 740 F. App'x 31, 32 (4th Cir. 2018) ("*Mathis* did not announce a new, retroactively applicable rule."); *Hird v. Andrews*, 728 F. App'x 217 (4th Cir. 2018) (stating that "the Supreme Court's ruling in *Mathis* . . . does not apply retroactively to cases on collateral review"); *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (same); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (same). *Mathis* "merely clarified when a court must apply the categorical approach, rather than the modified categorical approach, in determining the nature of a prior conviction, and did not effect a change in the law." *Davis v. Andrews*, 727 F. App'x 782, 783 (4th Cir. 2018). Because *Mathis* did not announce a new rule that applies retroactively to cases on collateral review, Logan does not satisfy the second factor of the *Wheeler* test to show that § 2255 is an inadequate or ineffective remedy. *Wheeler*, 886 F.3d at 429.

Logan also fails to meet the fourth requirement of the *Wheeler* test, which requires that the sentence present an error sufficiently serious to be deemed a fundamental defect. *Id.* Logan was sentenced as a career offender under the post-*Booker* advisory guidelines regime. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the sentencing guidelines are advisory). The Fourth Circuit has held that erroneous career offender designations imposed under the post-*Booker* advisory guidelines do not constitute a fundamental defect resulting in a complete miscarriage of justice and are not cognizable on federal habeas review. *United States v. Foote*, 784 F.3d 931, 942-43 (4th Cir. 2015). Because the sentencing error alleged by Logan does not amount to "fundamental defect," he cannot satisfy the fourth prong of the *Wheeler* test. *Wheeler*,

4

886 F.3d at 432 n.9 (noting that under *Foote,* career offender designations imposed under advisory guidelines do not result in a "fundamental defect" warranting habeas relief). Having failed to demonstrate that § 2255 is an inadequate or ineffective remedy under the *Wheeler* test, Logan may not challenge his sentence under § 2241. The Petition will therefore be dismissed without prejudice.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, as is the case here, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Logan has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Logan may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

2. The Court DECLINES to issue a certificate of appealability.

3. The Clerk shall CLOSE this case and SEND a copy of this Order to Logan.

Date: January 14, 2019

THEODORE D. CHUANG
United States District Judge